UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JAMIE PANDURE, | : | Civil No. 10-4426 (FLW) |
| Petitioner, | : | |
| v. | : | **MEMORANDUM OPINION** |
| MICHELLE RICCI, et al., | : | |
| Respondents. | : | |

**WOLFSON, District Judge**:

    1.  Petitioner filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 challenging a judgment of conviction entered in the Superior Court of New Jersey, Monmouth County on August 21, 1998.

    2.  On September 12, 2011, Respondents filed an Answer and exhibits from the state court record. (Dkt. Nos. 9-13.)

    3.  On November 4, 2011, Petitioner filed a "MOTION FOR PRODUCTION OF EXHIBITS NEEDED TO PREPARE A REPLY AND TRAVERSE." (Dkt. 14.)  In his supporting declaration, Petitioner states that, although he received the Answer, Amended Answer, and index of exhibits filed by respondents, he was not served copies of the 106 exhibits filed by respondents with the Answer. (Dkt. 14-2.)  Petitioner avers that he has never seen 11 exhibits filed by respondents and, although he believes that numerous exhibits may have "been in [his] possession at one time, [they] were apparently part of a shipment of documents sent home at the direction of prison officials (who claimed that [he] had too many boxes of property in [his]

cell), and were either accidently lost or destroyed by [his] family over the years." Id. at 3. Petitioner further avers that, he cannot view the exhibits online because he is unable to access PACER while incarcerated, and he has been unable to obtain these exhibits on his own. He further states: "As a result of not having copies of the exhibits . . . I am unable to reference, access, or determine the contents of critical documents cited and relied upon by Respondents in their Amended Answer, and to which I materially disagree. Further, without knowledge of the contents of the documents cited by Respondents, I am unable to prepare a Reply." Id. at 6.

    4. Respondents filed a letter opposing Petitioner's motion, arguing that this Court should deny the motion because Petitioner has not shown good cause for discovery under Habeas Rule 6 and that 28 U.S.C. § 2250 requires the Clerk of the Court to furnish a petitioner copies of documents as may be required by order. (Dkt. 15.) Finally, Respondents request that, if this Court finds good cause and orders them to provide copies of exhibits to Petitioner, this Court permit Respondents to furnish a CD rather than hard copies. Id.

    5. Petitioner filed a letter in response to Respondents' opposition. He clarifies that he is not requesting any discovery, but "asking the Court to direct Respondents to serve Petitioner with copies of exhibits that Respondents filed with their Answer." (Dkt. 16 at 1.) Petitioner asserts that Rule 5(a)(1)(B) of the Federal Rules of Civil Procedure obligates Respondents to serve exhibits upon the opposing party. Petitioner states that he "is unable to prepare a Reply or Traverse without knowing the contents of the exhibits that Respondents attached to their Answer." (Dkt. 16 at 2.) He asks this Court to either order Respondents to serve copies of the exhibits or to strike the Answer.

6. Habeas Rule 5 expressly requires a § 2254 respondent to file an answer, when so ordered, and to attach to the answer relevant transcripts and other documents from the underlying state court record.  See 28 U.S.C. § 2254 Rule 5.  The Advisory Committee's Note to Habeas Rule 5 states that, although Habeas Rule 5 does not indicate who the answer is to be served on, "it necessarily implies that it will be mailed to the petitioner (or to his attorney if he has one)."  Advisory Committee's 1976 Notes on Habeas Rule 5.  This Court finds that Habeas Rule 5 required Respondents to serve the exhibits filed with the Answer on Petitioner.

7. In addition, Habeas Rule 11 provides that the Federal Rules of Civil Procedure, "to the extent that they are not inconsistent with these rules, may be applied, when appropriate to petitions filed under these rules."  28 U.S.C. § 2254 Rule 11.  Rule 10(c) of the Federal Rules of Civil Procedure provides that "[a] copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes," and Rule 5(a) requires service of every pleading subsequent to the original complaint, as well as all papers filed with the court, upon all parties not in default.  This Court further finds that the Federal Rules of Civil Procedure required Respondents to serve the exhibits upon Petitioner.

8. Although this Court has not located any Supreme Court or Third Circuit precedent on the issue, at least two circuits have held that the Habeas Rules and the Rules of Civil Procedure require respondents to serve the answer and exhibits filed with the answer upon petitioners in a § 2254 case.  See Sixta v. Thaler, 615 F.3d 569, 569 (5th Cir. 2010) ("We conclude that the applicable procedural rules require the respondent in a § 2254 proceeding to serve both the answer and any exhibits attached thereto on the habeas petitioner, and we therefore do not reach the constitutional question presented"); Thompson v. Greene, 427 F.3d 263, 269 (4th Cir. 2005)

("Thus, the applicable rules mandate that an answer in a habeas corpus proceeding [under § 2254], along with all of its exhibits, must be served on a petitioner").[1]

9. Moreover, Chief Judge Simandle held in Pindale v. Nunn, 248 F. Supp. 2d 361 (D.N.J. 2003), "that service of the documents filed with and attached to an answer is required by Habeas Rule 5; moreover, even if service were not explicitly required by Habeas Rule 5, Rules 12(a) and 5(a) of the Federal Rules of Civil Procedure apply to § 2254 cases through Habeas Rule 11[], and compel this result").  Id. at 367.

10. Respondents nevertheless argue that 28 U.S.C. § 2250 requires the Clerk of the Court to furnish the exhibits filed with the Answer to Petitioner.  Section 2254 provides:

> If on any application for a writ of habeas corpus an order has been made permitting the petitioner to prosecute the application in forma pauperis, the clerk of any court of the United States shall furnish to the petitioner without cost certified copies of such documents or parts of the record on file in his office as may be required by order of the judge before whom the application is pending.

28 U.S.C. § 2250.

11. Because Petitioner Pandure paid the filing fee and this Court has not entered an order permitting Pandure to proceed in forma pauperis, § 2250 does not apply to this case.  See Pindale, 248 F. Supp. 2d at 366.  In any event, this Court agrees with Judge Simandle that, to the extent that § 2250 conflicts with court rules requiring service of papers filed with the Court upon parties, the statute is of no force.  See id.; 28 U.S.C. § 2072 ("All laws in conflict with such rules

---

[1] The Fourth Circuit further opined:  "The constitutionality of the Habeas Rules would be placed in serious question if they were read to exempt habeas corpus proceedings from the general service requirements . . . .  Similarly, to read the Habeas Rules as permitting a respondent to file exhibits that he fails to serve upon a habeas corpus petitioner would essentially allow him to communicate ex parte with the court, contrary to one of the basic tenets of our adversary system."  Thompson, 427 F.3d at 269 n.7.

[prescribed by the Supreme Court] shall be of no further force or effect after such rules have taken effect").

      12.  Because Habeas Rule 5, as well as the Federal Rules of Civil Procedure, require service of the exhibits filed with the Answer, this Court will grant Petitioner's motion and direct Respondents to serve on Petitioner hard copies of all documents filed with the Answer, unless Petitioner notifies this Court and Respondents that he has access to a computer or other device that would allow him to view the exhibits, if same were copied to a CD.  This Court will also extend Petitioner's time to file a reply to the Answer until 45 days after he receives the exhibits.

      13.  An appropriate Order accompanies this Memorandum Opinion.

                                        s/Freda L. Wolfson
                                     **FREDA L. WOLFSON, U.S.D.J.**

Dated:   March 15, 2012