UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAMIE PANDURE, | Civil No. 10-4426 (FLW) |
| Petitioner, | |
| v. | **MEMORANDUM OPINION** |
| MICHELLE RICCI, et al., | |
| Respondents. | |

**WOLFSON, District Judge**:

    1. Jamie Pandure, pro se Petitioner, filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 challenging a judgment of conviction entered in the Superior Court of New Jersey, Monmouth County, on August 21, 1998.

    2. On September 12, 2011, Respondents filed an Answer and exhibits from the state court record. (Dkt. Nos. 9-13.)

    3. On November 4, 2011, Petitioner filed a "MOTION FOR PRODUCTION OF EXHIBITS NEEDED TO PREPARE A REPLY AND TRAVERSE." (Dkt. 14.) Respondents filed a letter opposing Petitioner's motion, and Petitioner filed a reply. By Order entered March 15, 2012, this Court granted Petitioner's motion, ordered Respondents to serve the exhibits within 30 days, and ordered Petitioner to file a reply to the Answer within 45 days of the date he received the exhibits. (Dk. 18.)

    4. On May 17, 2012, the Clerk received and filed Petitioner's motion to extend the time to file a reply by 90 days. (Dkt. 21.) The motion, which is dated May 17, 2012, is supported by a letter brief, declaration by Jamie Pandure dated May 17, 2012, certificate of service dated May

17, 2012, and cover letter dated May 17, 2012.  Jamie Pandure, pro se Petitioner, did not sign the motion, declaration, certificate of service, or cover letter.  Rather, his name is typed in the signature spaces on each document.

     5.  On August 21, 2012, the Clerk received and filed Petitioner's second motion to extend the time to file a reply by 90 days.  (Dkt. 23.)  The motion, which is dated August 21, 2012, is supported by declaration by Jamie Pandure dated August 20, 2012, letter dated August 16, 2012, to Petitioner from Jerald D. Albrecht, Executive Director of Princeton Paralegal Services, LLP, letter brief dated August 21, 2012, certificate of service dated August 21, 2012, and cover letter dated August 21, 2012.  The letter from Jerald D. Albrecht states that "Princeton paralegal Services, L.L.P., needs an additional 90 days to complete the research and draft your Reply and Traverse due to a disruption of work on your case in connection with the need to relocate our office . . . .  [W]e have drafted motion papers on your behalf seeking an additional 90 days to prepare your papers, which if granted would create a new deadline for filing your Reply and Traverse on or before November 23, 2012."  (Dkt. 23-1 at 5.)  Jamie Pandure did not sign the motion, declaration, certificate of service, or cover letter.  His name is typed in the signature spaces on each document.

     6.  Rule 11 of the Federal Rules of Civil Procedure provides:

> (a) Signature.  Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name - or by a party personally if the party is unrepresented.  The paper must state the signer's address, email address, and telephone number . . . .  The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention.

Fed. R. Civ. P. 11(a).

7. The meaning of the word "signed," as that word appears in Rule 11(a), does not permit typed names.  See Becker v. Montgomery, 532 U.S. 757, 764 (2001).

8. Correction within the meaning of Rule 11(a) "can be made by signing the paper on file or by submitting a duplicate that contains the signature."  See Becker, 532 U.S. at 764 (quoting Advisory Committee's Notes on Fed. Rule. Civ. P. 11, 28 U.S.C.App., p. 666).

9. In addition, in the federal courts, "parties may plead and conduct their own cases personally or by counsel." 28 U.S.C. § 1654.  "Although § 1654 thus recognizes that an individual generally has the right to proceed pro se with respect to his *own* claims or claims against him personally, the statute does not permit unlicensed laymen to represent anyone else other than themselves."  Berrios v. New York City Housing Authority, 564 F.3d 130, 132 (2d Cir. 2009) (citations and internal quotation marks omitted); see also Osei-Afiyie v. Med. Coll. of Pa., 937 F.2d 876, 882-83 (3d Cir. 1991); Enders v. Super Fresh, 346 Fed. App'x 829 (3d Cir. 2009).  Thus, § 1654 prohibits a paralegal from representing a prisoner in a civil action in federal court.  See Herrera-Venegas v. Sanchez-Rivera, 681 F.2d 41 (1st Cir. 1982).  As the First Circuit explained:

> [W]e do not wish to be understood as saying that [prisoner-plaintiffs] are not free to accept the advice and assistance of [a paralegal] or any other person.  We simply mean that while [prisoner-plaintiffs] are unrepresented by counsel, they must take legal responsibility for, and must themselves sign all papers filed in this court relative to their own case or cases.  By the same token, any papers served by the court or opposing parties shall be served on the [plaintiffs] only.  In other words, unless represented by counsel, the [plaintiffs] are solely responsible for the handling of this case.

Herrera-Venegas, 681 F.2d at 42.

10. Because Petitioner Pandure did not sign his motions to extend the time to file a reply, or the supporting papers, this Court will strike the motions and other documents not signed by Pandure, as required by Rule 11(a), unless these omissions are corrected within 14 days of the date of the entry of the Order accompanying this Memorandum Opinion.

11. An appropriate Order accompanies this Memorandum Opinion.


      s/Freda L. Wolfson
     **FREDA L. WOLFSON, U.S.D.J.**

Dated: September 18 , 2012